# Commonwealth of Pennsylvania *v.* Thomas D. Steen, Appellant.

*Criminal law—Words and phrases—" Cheat."*

A cheat at common law is a deceitful practice of a public nature in defrauding another of a known right by some artful device contrary to the plain rules of common honesty.

To constitute a cheat the offense must be of a public nature, the cheating must be done by false weights, etc., calculated to deceive numbers, and the object, of defrauding others, must be successful.

*A cheat at common law—Defective indictment.*

An indictment disclosing employment of coal miners by the ton and the use by the employer of false weights sets forth the first and second necessary elements to constitute a cheat at common law, but where it fails specifically to charge that any person was defrauded thereby the defect is fatal and the indictment should be quashed.

Argued April 14, 1896. Appeal No. 46, Jan. T., 1896, by defendant, from judgment of Q. S. Allegheny Co., Sept. Sessions, 1895, No. 557, on verdict of guilty. Before RICE, P. J., WICKHAM, BEAVER, REEDER, ORLADY and SMITH, JJ. Reversed.

Indictment charging a cheat at common law.

The indictment charged that Thomas D. Steen, a coal operator, was guilty of using and employing certain false weights in the weighing of bituminous coal and that he did credit his employees, mentioning some of the said employees, with bituminous coal weighed in and by said false weights, as and for the true weight of said bituminous coal mined as aforesaid; whereas in truth and in fact the weight of the said bituminous coal so weighed and caused to be weighed was short and deficient of the true weight thereof, to the evil example of all others in like cases offending, and against the peace and dignity of the commonwealth of Pennsylvania. The motion to quash was overruled and a verdict of guilty rendered by the jury.

*Errors assigned* were, (1, 2) overruling the motion to quash; overruling the motion in arrest of judgment on the verdict on said indictment, the same not alleging an indictable offense and being insufficient in law

*John Marron,* with him *J. Charles Dicken,* for appellant, as to what is a cheat at common law cited: 3 Chitty's Criminal Law, p. 994; 2 East P. C. p. 817, 818; 2 Strange, 793; Wharton Crim. Law, sec. 1116 (ed. 1896); Reg. v. Class, D. & B. 460; People v. Stone, 9 Wend. 182; Reaper v. Johnston, 12 Johnston, 291; 4 Blackstone Com. 157; 2 Bishop on Criminal Law, p. 144; Young v. King, 3 Term R. 104; Rex v. Wheatly, 2 Burr. 1125; Com. v. Morse, 2 Mass. 139; State v. Garrett, 35 California, 470.

*W. J. Brennen,* with him *John C. Haymaker,* district attorney, for appellee, relied on People v. Fish, 4 Parker's Cr. Law Rep. 211.

OPINION BY BEAVER, J., May 11, 1896:

The appellant was called upon in the court below to answer an indictment which it was alleged charged him with practicing a cheat which, although not a statutory offense in Pennsylvania, is indictable at common law. Before the jury was sworn, he moved to quash the indictment for the reasons, first: "The indictment does not allege an offense indictable in Pennsylvania." Second, " The indictment does not describe and allege a felony and misdemeanor under the laws of Pennsylvania." The motion to quash was overruled by the court, and this constitutes the first assignment of error.

A cheat at common law is defined to be " A deceitful practice of a public nature in defrauding another of a known right by some artful device contrary to the plain rules of common honesty:" 1 Hawk. P. C. 343. Other definitions elsewhere found practically agree with the above. It will be observed that to constitute a cheat the offense must be, first of a public nature, and, second, the cheating must be done by false weights, false measures, false tokens or the like, calculated to deceive numbers, i. e., more than one. Third. The object of the defendant in defrauding another must be successful. The indictment alleges that the appellant employed certain persons as coal miners in a certain coal mine and paid them by the ton for mining bituminous coal; that " contriving and fraudulently intending to cheat and defraud " those " employed as coal miners by him, the said T. D. Steen, on the day and year aforesaid and

on divers other days and times, unlawfully did knowingly, willfully, falsely, fraudulently and deceitfully use and cause to be used certain false weights, for the weighing of the said bituminous coal, so as aforesaid mined. . . . which said weights were then and there by artful and deceitful contrivances, so made and constructed as to cause bituminous coal weighed thereby to appear of less weight than the real and true weight thereof; and that the said T. D. Steen on the day and year aforesaid and on other days and times at the county aforesaid then and there, well knowing the said weights to be false as aforesaid, unlawfully did knowingly, willfully and fraudulently credit the employees of him, the said T. D. Steen, with bituminous coal weighed in and by the said false weights as and for the true weight of said bituminous coal mined as aforesaid."

The first and second elements necessary to constitute a cheat at common law, are undoubtedly contained in and clearly set forth in this indictment. The practice was of a public nature, the deceit alleged to be practiced was done by means of false weights, but it is nowhere specifically charged that any person was defrauded thereby. Whether the coal miners employed by the appellant were paid according to the fraudulent credit does not appear; and, as this is the essence of the offense, we think the motion to quash should have been allowed. Whilst it is undoubtedly true, as was said by Mr. Justice Read in Commonwealth v. Frey, 50 Pa. 249: " By the Criminal Procedure Act of 1860, modeled after the act of 14th and 15th Vict. ch. 100, the extreme niceties and refined technicalities which prevail in relation to indictments are abolished and an indictment now is little more than a simple statement of the offense such as good sense and regard for the accused alone would suggest," it is nevertheless essential that the offense should be stated and that every necessary ingredient entering into the offense should be distinctly alleged in the indictment.

Inasmuch as the testimony taken in the court below has not been furnished us, it is impossible for us to say how far the facts as proved sustain the allegations contained in the indictment. If they were sustained, the defendant should undoubtedly be punished. It is just as much an offense against the public to purchase the labor of a coal miner by false weights as to sell the coal which he mines by like fraudulent devices.

It is the successful use of the false weight for the purpose of defrauding which constitutes the offense. It may be true as urged in the argument that the offense was in fact completed by successfully defrauding the miners the product of whose skill and labor was falsely credited, but it is not so alleged in the indictment; and, unless so alleged, the indictment ought not to be sustained. There was substantial error in the refusal of the court below to allow the motion to quash the indictment, and, as this must necessarily dispose of the case, it is needless to comment upon the other assignments of error.

Judgment reversed.